## FRANCES WILLARD CANDY CO. v. MENKE, etc.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1574. Decided Nov. 29, 1927.

### First Publication of this Opinion.

### Syllabus by Editorial Staff.

**1235. VERDICTS—70. Amendments—923. Pleadings.**
Where action is to recover for three months rental of real property and jury returns verdict for four months rental, trial court has discretion to allow amendment of petition to conform to verdict.

Error to Common Pleas.
Judgment affirmed.

Watson, Davis & Joseph, Columbus, for Candy Co.
Miller, Miller & Snyder, Columbus, for Menke et.

(Continued on Page 244)

# PUBLISHER'S COLUMN

Entered as second class matter, February 28, 1923,
at the Post Office, Cleveland, Ohio
under the Act of March 3, 1879.

Issued Every Saturday      50 Weeks of the Year

### SUBSCRIPTION PRICES AND TERMS

Weekly Edition, One Year (50 issues) Payable in
Advance ........................................ $15.00

Discount for advance payment $3.00, making the
net price ...................................... 12.00

Including Quarterly Digest, to paid subscribers,
no extra charge.

Including Binding of Weekly Parts at end of year,
if paid in advance, net......................... 13.50

Including One Annual Digest, at end of year, and *
binding of weekly parts, paid in advance, net.. 16.00

Including Cinque Digest and Year's Subscription.. $18.00

Single Numbers ................................. .35

Receiving Abstract after expiration date, considered as
authorized continuation of subscription.

### THE LAW ABSTRACT COMPANY

Office, Editorial Rooms and Library, 13916 Euclid Ave.
Cleveland, O.

### STAFF

Sam H. Torrey.....................Circulation Manager
Jay F. Laning........................Business Director
Sheldon R. Laning...................Editorial Director

---

(Continued from Page 243)
### FULL TEXT.

**BY THE COURT.**

The action in the court below was brought by the defendant in error against the plaintiff in error to recover for three months rental upon certain real property at the rate of $250.00 per month. There was an additional claim for damages based upon the fact that the defendant below did not deliver up said premises in good order but left thereon a large amount of trash, which the plaintiff was compelled to remove at an expense of $276.00. The defendant thereupon filed an offer to confess judgment for $776.00. This offer was refused and the defendant answered and also filed a cross-petition for damages in the sum of $650.00. The case went to trial upon the original pleadings, the evidence and the charge of the court. The jury returned a verdict in favor of the plaintiff for the sum of $1,000, "being four months' rent without interest.—" A motion for a new trial was filed by the defendant, and the case came on for hearing, whereupon the trial court permitted an amendment to the petition to conform to the evidence and the verdict, whereby the plaintiff was permitted to make a claim for rental for the fourth month. Thereupon the court overruled the motion for a new trial, and entered a judgment on the verdict.

We have carefully considered the record and the briefs of counsel. The trial court had a discretion to allow an amendment to the petition asking for the fourth month's rental. We are of opinion that the trial court did not abuse its discretion. The jury evidently in allowing the fourth month's rental and in rejecting interest upon all the items of rental, undertook to dispose of the plaintiff's as well as the defendant's claim for damages. This was not in a technical sense regular, but we find that there was no prejudicial or substantial irregularity.

Upon a full consideration of the case, we are of opinion that there is no prejudicial error in the record, and that the judgment of the Court of Common Pleas should be affirmed.

(Ferneding, Kunkle and Allread, JJ., concur.)